IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GREGORY L. WALLS,

                        Petitioner,


        v.                              CASE NO.  04-3474-SAC

LOUIS RICH, et al.,

                    Respondents.


<u>MEMORANDUM AND ORDER</u>

        This is a petition for writ of habeas corpus, 28 U.S.C. 2254,
filed upon payment of the filing fee by an inmate of the
Hutchinson Correctional Facility, Hutchinson, Kansas (HCF).  An
order to show cause issued, and respondents filed a Motion to
Dismiss (Doc. 6) for failure to file the Petition within the
applicable statute of limitations.  Petitioner filed a "Traverse
Response" (Doc. 9) and a Motion for Leave to Proceed on Appeal In
Forma Pauperis (Doc. 10).


**PROCEDURAL HISTORY**

        On May 3, 1994, Walls was convicted by a jury of first degree
murder in the District Court of Shawnee County, Kansas, and
sentenced to life in prison.  <u>State of Kansas v. Walls</u>, Case No.
93-CR-2779 (SN.CO. Dist.Ct.).  He litigated a motion for new
trial and directly appealed his conviction claiming newly
discovered evidence of ineffective assistance of counsel, without
success.  The Kansas Supreme Court finally denied review on
direct appeal of Walls' criminal conviction in 1999.

        Petitioner thereafter filed a motion for post-conviction

relief under K.S.A. 60-1507 in the Shawnee County District Court, claiming ineffective assistance of counsel, biased juror, prejudicial testimony, newly discovered evidence, and conflict of interest.  An evidentiary hearing was conducted, and relief was denied in October, 2001.  Walls appealed the result to the Kansas Court of Appeals, which affirmed the denial, [Walls v. State of Kansas, Case No. 01-86499-A (KCOA)] and the Kansas Supreme Court, which denied review  of this state habeas petition in 2004.

**CLAIMS**

Petitioner claims in his Petition before this court: (1)a juror at his trial was biased in that she knew the victim, some relatives of the victim, and some witnesses; (2) his trial defense counsel had a conflict of interest in that he or his public defender's office had represented the victim or the victim's brother in the past; and  (3) his counsel provided ineffective assistance by not informing the court of the conflict of interest and not demanding removal of the biased juror. Petitioner alleges, and exhibits indicate, he has presented these claims to the highest state court.

**STANDARDS**

Under 28 U.S.C. 2244(d)(1), federal petitions for habeas corpus relief are subject to a one-year statute of limitations. The one-year period is tolled for the time "during which a properly filed application for State post-conviction or other

collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. 2244(d)(2).

**MOTION FOR LEAVE**

Petitioner's Motion encaptioned "for Leave to Proceed on Appeal In Forma Pauperis" (Doc. 10) is denied. In the first two pages of this pleading, Walls requests rehearing of "his pleadings that the Honorable Dale E. Saffels dismissed. . . ." This makes no sense, as no records indicate Judge Saffels entered any orders dismissing any pleadings filed by petitioner Gregory Walls. Moreover, petitioner has not filed a request for interlocutory appeal or a Notice of Appeal and no dispositive ruling has been entered in this case.

The several other pages of this document contain arguments on the merits of petitioner's habeas claims. These pages have been considered as a part of the Traverse and are hereby incorporated into that document (Doc. 9). For these reasons, the court finds that no basis for petitioner's motion for leave (Doc. 10) is alleged.

If petitioner files a Notice of Appeal in the future in this case, at that time he may file another Motion for leave to proceed in forma pauperis on appeal if he desires. However, any future motion must be supported with a certified copy of his inmate trust fund account for the six months immediately proceeding the filing of his Notice of Appeal, and may be denied if he has ample funds available to pay fees. 28 U.S.C. 1915.

## DISCUSSION - MOTION TO DISMISS

In support of their Motion to Dismiss, respondents show the following crucial facts to the court.  The Kansas Supreme Court denied Walls' Petition for Review in direct criminal appeal proceedings on May 28, 1999.  Petitioner did not file[1] a Petition for Certiorari in the United States Supreme Court within the ninety-day time limit.  Walls' conviction became "final" for statute of limitations purposes after expiration of that time limit, which was on August 26, 1999.  See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001)(a conviction becomes final for habeas purposes when the ninety-day period for filing a petition for a writ of certiorari to the United States Supreme Court has expired); Habteselassie v. Novak, 209 F.3d 1208, 1209 (10th Cir. 2000); Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999).

Petitioner filed a state post-conviction motion pursuant to K.S.A. 60-1507 in the District Court of Shawnee County, Kansas, on June 2, 2000 (Case No. 00-C-624), which was denied on October 18, 2000.  Petitioner appealed, and the Kansas Court of Appeals (KCOA) affirmed the denial on February 6, 2004.  Walls v. State, No. 86499 (Kan.Ct.App. February 6, 2004, unpublished).  On May 26, 2004, the Kansas Supreme Court denied review.  Walls executed this federal Petition on December 1, 2004.

Respondents, in their Motion to Dismiss, argue that the Petition must be dismissed as time-barred because the statute of limitations expired in this case before Walls filed his federal

---

[1] Petitioner complains that his counsel withdrew from his case before a Petition for Certiorari was filed and that she did not advise him regarding filing for review by the U.S. Supreme Court.  Petitioner had no federal constitutional right to counsel to represent him with respect to seeking a Petition for Certiorari.

Petition.   In support, they allege the limitations period commenced on August 26, 1999, when Walls' conviction became "final," and ran for 280 days until June 2, 2000, when he filed his 1507 petition in state court.   Respondents acknowledge that the statute of limitations was tolled for the nearly 4 years the 1507 action was "pending." 28 U.S.C. 2244(d)(2).   They allege the limitations period began to run again, with 85 days remaining, on May 26, 2004, the date the Kansas Supreme Court denied review of the 1507 proceedings.   They thus allege the statute of limitations expired on August 19, 2004, which was 103 days before petitioner executed his federal Petition.

Petitioner answers respondents' Motion to Dismiss in his Traverse Response (Doc. 9).   Therein, he does not dispute the crucial dates set forth by respondents.   He argues instead that he was entitled to file his federal application under 28 U.S.C. 2244(d)(1)(A) within one year of the denial of review of his 1507 action by the state appellate courts; and that under 28 U.S.C. 2244(d)(1)(B), the limitations period "runs from the removal of any state impediment that unconstitutionally prevented the filing" of his federal application.

Petitioner's interpretation of Section 2244(d)(1)(A), as providing that the limitations period runs for a year after final denial of review of his 1507 action, is legally incorrect.   The pertinent portions of Section 2244 provide:

2244. Finality of determination.
\*   \*   \*
(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. 2244(d).  The statute expressly provides in subsection (A) that the limitations period begins to run on the date the judgment of conviction became "final" by the "conclusion of direct review or the expiration of the time for seeking such review."  In this case, the expiration of the time for seeking direct review expired, as alleged by respondents, on August 26, 1999.  This statute does not provide that the limitations period first commences to run after final review of a state post-conviction motion.  Nor does it provide that the limitations period starts completely over after final review of a 1507 action.  Under this federal law, a collateral proceeding in state court, such as a petition for post-conviction relief under K.S.A. 60-1507, simply tolls whatever remains of the limitations period once it is filed and while it is "pending."

In support of his claim that the limitations period should be tolled due to a state imposed impediment, petitioner alleges

that HCF long ago discontinued Legal Services for Prisoners and "no one is available to legally assist or advise the inmates" which "hinders any one's effort to communicates (sic) with courts." This claim is insufficient because Walls does not allege specific facts demonstrating how his denial of access to legal assistance impeded his ability to timely file his federal habeas petition. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998)(claim denied where no specificity regarding alleged lack of access and steps petitioner took to diligently pursue his federal claims). Moreover, neither the petitioner's ignorance of the law, nor a lack of legal assistance excuses failure to comply with the statute of limitations, particularly since the claims in his federal Petition must have already been presented in state court. See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001); Coleman v. Thompson, 501 U.S. 722, 756-57 (1991)(no right to counsel in federal habeas proceedings, so lack of an attorney will not excuse an untimely habeas application); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.), cert. denied, 528 U.S. 1007 (1999).

Petitioner also argues that "28 U.S.C. 2244(d) 1-through 8" requires this court to entertain his application "to correct state court record that is so fraught with constitutional error that warrants the conclusion that this wrongfully life-sentenced petitioner . . . never had meaningful trial." Section 2244(d) contains only subsections 1 and 2, quoted above, and does not provide this asserted exception to the statute of limitations.

Petitioner's arguments in his Traverse and his exhibits of copies of affidavits apparently presented to the state courts indicate he argued that he was not the person who committed the murder. Even if this court liberally construes these pro se materials as a claim that the limitations period should be equitably tolled due to petitioner's actual innocence, [see, Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003)], the argument fails because Walls does not offer "new reliable evidence" of his innocence. In order to demonstrate actual innocence in a collateral proceeding, a petitioner must present "new reliable evidence that was not presented at trial" and "show that it is more likely than not that no reasonable juror would have found (him) guilty beyond a reasonable doubt." See Schlup v. Delo, 513 U.S. 298, 324 (1995)(petitioner must support allegations of innocence with "new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial").

Petitioner does not allege any other extraordinary circumstances beyond his control, and the court is aware of none in this case, which might be construed as a basis for claiming equitable tolling.

For the foregoing reasons, the court finds that respondents' Motion to Dismiss must be sustained, and this action must be dismissed as time-barred.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner's Motion for Leave to Proceed on Appeal In Forma Pauperis (Doc. 10) is

8

denied.

**IT IS FURTHER ORDERED** that respondents' Motion to Dismiss (Doc. 6) is sustained, and this action is dismissed as time-barred.

**IT IS SO ORDERED.**

Dated this 7th day of September, 2005, at Topeka, Kansas.


                              <u>s/Sam A. Crow</u>
                              U. S. Senior District Judge